1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                   * * *

9    JEFF N. ROSE,                        Case No. 3:13-cv-00267-MMD-WGC

10                        Petitioner,                    ORDER

11        v.

12   ROBERT LeGRAND, et al.,

13                        Respondents.

14

15          This habeas matter comes before the Court:  (a) on petitioner's application (dkt.

16   no. 1) to proceed *in forma pauperis*; (b) for initial review of the petition under Rule 4 of

17   the Rules Governing Section 2254 Cases; and (c) on a motion (dkt. no. 1-4) for

18   appointment of counsel and motion (dkt. no. 1-5) to file an extended petition submitted

19   with the petition.

20   **I.    PAUPER APPLICATION**

21          Petitioner did not attach all required financial documents with the pauper

22   application.   A petitioner must attach both a financial certificate executed by an

23   authorized institutional officer and a statement of his inmate trust account for the prior

24   six months.  Petitioner attached an outdated financial certificate, but he did not attach a

25   statement of his inmate trust account for the prior six months.  He states in a cover letter

26   that he still is waiting for a current financial certificate from the institution.

27          The pauper application, while incomplete, demonstrates that petitioner has

28   sufficient funds to pay the $5.00 filing fee.  Petitioner confirms that he is able to do so in

1  the cover letter.  The Court therefore will deny the application and require petitioner to

2  pay the filing fee.     As discussed further below, the Court finds that a provisional grant

3  of petitioner's motion for appointment of counsel is in the interests of justice, assuming

4  financial eligibility.  The Court is proceeding with provisionally appointing counsel now

5  so that counsel will have as much time as possible to investigate the matter and prepare

6  amended pleadings before the one-year federal limitation period expires.  However,

7  petitioner still must timely: (a) pay the filing fee; and (b) submit complete financial

8  materials – both a current financial certificate and a current inmate account statement –

9  confirming his financial eligibility for appointment of counsel.  If he fails to pay the filing

10  fee, the action will be dismissed without further advance notice.  If he fails to confirm his

11  financial eligibility as reflected by the current partial materials, the provisional

12  appointment of counsel will not be confirmed.

13        With these qualifications, the Court turns to the motion for appointment of

14  counsel.

15  **II.     APPOINTMENT OF COUNSEL**

16        Petitioner Jeff Rose challenges his 2004 Nevada state conviction, pursuant to a

17  jury verdict, of twenty counts of sexual assault on a minor under the age of fourteen.

18  Rose was sentenced to twenty (20) life sentences with the possibility of parole, with two

19  of the life sentences running consecutively and the remaining eighteen sentences

20  running concurrently with the first consecutive sentence.  He must serve a mandatory

21  minimum of twenty (20) years on each consecutive life sentence before he would be

22  eligible for consideration for parole on each sentence.  He accrued 535 days credit for

23  time served prior to sentencing.  Given petitioner's current age of 46 as reflected on the

24  state corrections department's website, petitioner therefore may be incarcerated until

25  his mid-seventies before he could possibly be released to a non-institutional parole

26  outside of a prison.  Petitioner additionally was sentenced to a special sentence of

27  lifetime supervision as a sex offender.

28  ///

1  Rose challenged the judgment of conviction on direct appeal and state post-

2  conviction review.   The Supreme Court of Nevada affirmed on direct appeal in a

3  published opinion covering a large number of issues on July 26, 2007.   The United

4  States Supreme Court thereafter denied Rose's counseled petition for a writ of *certiorari*

5  on October 6, 2008.   On or about December 1, 2008, the clerk of the state district court

6  filed a timely state post-conviction petition submitted by Rose.   The Supreme Court of

7  Nevada affirmed the denial of state post-conviction relief on May 13, 2013.   The

8  remittitur issued on June 7, 2013.[1]

9  Against the backdrop of the foregoing strictly preliminary and non-definitive

10  review, the Court finds that appointment of counsel is in the interests of justice given: (a)

11  the lengthy sentence structure, under which petitioner will be in prison until at least his

12  mid-seventies and thereafter would be subject to lifetime supervision as a sex offender;

13  (b) the potential complexity of the procedural and substantive issues that may be

14  presented, which involved, *inter alia*, a published opinion by the state supreme court on

15  direct appeal and a counseled *certiorari* petition to the United States Supreme Court; (c)

16  the fact that substantial unexpired time, possibly ten months, appears to remain in the

17  federal limitation period for appointed federal habeas counsel to be able to investigate

18  and present counseled claims without the prospect of the limitation period potentially

19  foreclosing such claims; and (d) the concerns raised in *Koerschner v. Warden*, 508

20  F.Supp.2d 849 (D. Nev. 2007), based on the record presented at that time, regarding

21  ///

22  ///

23

24  [1]After the October 6, 2008, denial of *certiorari* review following the direct appeal, the state supreme court denied a previously pending motion to recall the remittitur as moot on October 30, 2008.   This Court expresses no opinion at this juncture as to whether the pendency of the motion and issuance of the order had any material impact on calculation of the one-year federal limitation period, putting any other possible accrual or tolling issues to the side.

25

26

27  The Court similarly expresses no opinion at this juncture as to whether the date of mailing of the state petition potentially may be a relevant date for purposes of applying federal statutory tolling under 28 U.S.C. § 2244(d)(2), if filed initially *pro se*.

28

1  effective access to legal resources at the institution, in connection with a discretionary

2  appointment of federal habeas counsel.[2]

3       The motion for appointment of counsel therefore will be provisionally granted,

4  subject both to subsequent timely payment of the filing fee and the filing of complete

5  current financial materials confirming petitioner's financial eligibility for appointment of

6  counsel.

7  **III.    MOTION TO FILE EXTENDED PETITION**

8       Petitioner's motion  to file an extended petition (dkt. no. 1-5) will be granted to the

9  extent that the Court will direct the Clerk to file the *pro se* petition as presented.  The

10  Court does not address any deficiencies in the *pro se* original petition given that a

11  counseled amended petition will be filed.

12  **IV.    CONCLUSION**

13       IT IS THEREFORE ORDERED that the application (dkt. no. 1) to proceed *in*

14  *forma pauperis* is DENIED.  The Court will enter a separate order with further provisions

15  regarding payment of the filing fee, so that petitioner can submit an order that does not

16  reflect information regarding his offenses to the institutional accounting office through

17  the internal prison routing system.

18       IT IS FURTHER ORDERED that the Clerk of Court shall file the petition.

19       [2]As multiple subsequent decisions in this Court have recognized, the *Koerschner*
20  decision, which granted a motion for appointment of federal habeas counsel, does not
conclusively establish that the legal resources at Lovelock Correctional Center
21  ("Lovelock") are constitutionally inadequate.  Nor does the decision automatically
establish cause and prejudice to overcome a procedural default or a basis for equitable
22  tolling of the federal limitation period.  The Court nonetheless does take into account
that Lovelock inmates can access the prison law library only indirectly through a paging
23  system.  Even if the paging system at Lovelock has been improved subsequent to
*Koerschner*, it would be exceedingly difficult for a *pro se* inmate to effectively litigate a
24  habeas matter as complex as this particular case using such a system.  The Court's
concern in appointing federal habeas counsel is not limited to avoiding a constitutional
25  violation, as it instead seeks to serve the interests of justice in a broader sense.  In that
regard, the Court takes into account how access to legal resources is provided at the
26  institution. *Cf. Koerschner*, 508 F.Supp.2d at 861-62 ("The Court . . . informs
respondents that the undersigned will view the presence of similar limitations on access
27  to legal resources as a strong factor weighing in favor of appointment of counsel in
other habeas cases before this Court that present nonfrivolous claims and that
28  potentially may proceed to service of the petition.").

1          IT IS FURTHER ORDERED that the Clerk shall file motion  to file an extended

2    petition (dkt. no. 1-5) submitted with the petition, that the motion is GRANTED to the

3    extent that the Court authorizes the filing of the *pro se* original petition without regard to

4    any deficiencies therein, and that the Clerk shall reflect the grant of the motion by this

5    order in the docket entry for the motion.

6          IT IS FURTHER ORDERED that the Clerk shall file the motion  for appointment

7    of counsel (dkt. no. 1-4) submitted with the petition, that the motion is provisionally

8    GRANTED as per the remaining provisions below, and that the Clerk shall reflect the

9    provisional grant of the motion by this order in the docket entry for the motion.  The

10   counsel appointed will represent petitioner in all proceedings related to this matter,

11   including any appeals or *certiorari* proceedings, unless allowed to withdraw.   The

12   provisional grant of the motion is subject to petitioner, within thirty (30) days of entry of

13   this order: (a) paying the filing fee; and (b) submitting both a current financial certificate

14   and a current inmate account statement confirming his financial eligibility for

15   appointment of counsel.

16          IT IS FURTHER ORDERED that the Federal Public Defender shall be

17   provisionally appointed as counsel and shall have thirty (30) days to undertake direct

18   representation of petitioner or to indicate an inability to do so.  If the Federal Public

19   Defender is unable to represent petitioner, the Court then shall appoint alternate

20   counsel.  A deadline for the filing of an amended petition will be set after counsel has

21   entered an appearance.  The Court anticipates setting the deadline, taking into account

22   the procedural history discussed herein, for approximately one hundred eighty (180)

23   days from entry of the formal order of appointment.  Petitioner potentially also will be

24   able to file a motion for a stay with the amended petition if it includes unexhausted

25   claims.  Any deadline established and/or any extension thereof will not signify any

26   implied finding of a basis for tolling during the time period established.  Petitioner at all

27   times remains responsible for calculating the running of the federal limitation period and

28   timely presenting claims.

1    IT IS FURTHER ORDERED, so that the respondents may be electronically
2  served with any papers filed through counsel, that the Clerk shall add Attorney General
3  Catherine Cortez Masto as counsel for respondents and shall make informal electronic
4  service of this order upon respondents by directing a notice of electronic filing to her.
5  Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of
6  entry of this order, but no further response shall be required from respondents until
7  further order of this Court.

8    The Clerk accordingly shall send a copy of this order to the *pro se* petitioner
9  (along with a copy of the petition), the Nevada Attorney General, the Federal Public
10  Defender, and the CJA Coordinator for this Division.  The Clerk further shall regenerate
11  notices of electronic filing of all prior filings herein to both the Nevada Attorney General
12  and the Federal Public Defender.

13    DATED THIS 14th day of June 2013.

14

15

16                                        _____
                                          MIRANDA M. DU
17                                        UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28