UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEFF N. ROSE,

                Petitioner,

   v.

ROBERT LeGRAND, et al.,

              Respondents.

Case No. 3:13-cv-00267-MMD-WGC

ORDER

    This habeas matter comes before the Court for initial review of the counseled amended petition (dkt. no. 16) and on an outstanding extension motion (dkt. no. 15). Following review, a response will be ordered.

    It is therefore ordered that petitioner's motion for an extension of time (dkt. no. 15) is granted *nunc pro tunc* in connection with the first amended petition filed on April 11, 2014, and further subject to the prior caveat regarding extensions and the limitation period. *See* dkt. no. 14, at 1; *see also Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

    It is further ordered that, taking into account the number of claims, respondents shall file a response to the amended petition, including potentially by motion to dismiss, within ninety (90) days of entry of this order.  Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.

    It is further ordered that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses

1   raised herein either in *seriatum* fashion in multiple successive motions to dismiss or

2   embedded in the answer.  Procedural defenses omitted from such motion to dismiss will

3   be subject to potential waiver.  Respondents shall not file a response in this case that

4   consolidates their procedural defenses, if any, with their response on the merits, except

5   pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.

6   If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they

7   shall do so within the single motion to dismiss not in the answer; and (b) they shall

8   specifically direct their argument to the standard for dismissal under § 2254(b)(2) set

9   forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural

10  defenses, including exhaustion, shall be included with the merits in an answer. All

11  procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

12      It is further ordered that, in any answer filed on the merits, respondents shall

13  specifically cite to and address the applicable state court written decision and state

14  court record materials, if any, regarding each claim within the response as to that claim.

15      It is further ordered that petitioner shall have thirty (30) days from service of the

16  answer, motion to dismiss, or other response to file a reply or opposition, with any other

17  requests for relief by either party by motion otherwise being subject to the normal

18  briefing schedule under the local rules.

19      It is further ordered that any further hard copies of exhibits filed by either counsel

20  — for this case — shall be delivered to the Clerk's Office in Reno. Any copies sent

21  previously instead to Las Vegas need not be resent per this order.

22      DATED THIS 22nd day of May 2014.

23

24

25  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

26

27

28

2