UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JEFF N. ROSE,

                              Petitioner,

        v.

ROBERT LeGRAND, et al.,

                              Respondents.

Case No. 3:13-cv-00267-MMD-WGC

ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a counseled first amended petition. (Dkt. no. 16.) Before the Court is respondents' motion to dismiss. (Dkt. no. 29.) Petitioner opposed the motion. (Dkt. no. 30.)

**I.      PROCEDURAL HISTORY AND BACKGROUND**

In January 2004, petitioner Jeff N. Rose ("petitioner") represented himself at his first jury trial on charges of sexual assault and lewdness with a child under fourteen (exhibits to first amended petition (dkt. no. 16, Exhs. 53, 54)).[1] The jury found petitioner not guilty of counts 1-25 and 66. (Exh. 56.) The court declared a mistrial on counts 26-65. The court set a new trial date, and counsel was appointed to represent petitioner. (Exh. 55.)

_____

[1]All exhibits referenced in this order are exhibits to the amended petition, dkt. no. 16, and are found at dkt. nos. 17-26.

On May 13, 2004, petitioner was charged in an amended information with a total of forty counts. (Exh. 63.) Trial took place in August 2004. (Exhs. 82, 85, 86, 89, 95.) The jury found petitioner guilty of counts 1-10 (sexual assault of a minor under fourteen years of age, victim C.C.) and counts 21-30 (sexual assault with a minor under fourteen years of age, victim C.C.), and not guilty of counts 11-20 (lewdness with minor under the age of fourteen, victim C.C.) and counts 31-40 (lewdness with minor under age of fourteen, victim A.C.). (Exh. 97.)

The court imposed the following sentences: twenty years to life, a consecutive twenty years to life, and 18 twenty to life sentences, to run concurrently; if petitioner is released on parole, he will be subject to lifetime supervision and required to register as a sex offender. (Exh. 106.)

The Nevada Supreme Court affirmed the denial of petitioner's direct appeal on July 26, 2007. (Exh. 126.) The Nevada Supreme Court considered petitioner's briefing as well as *amicus curiae* briefing and denied petitioner's petition for rehearing and petition for en banc reconsideration. (Exhs. 127, 131, 133, 134, 139, 141, 142.) The United States Supreme Court denied the petitioner a writ of certiorari on October 6, 2008. (Exh. 145.)

Petitioner filed a proper person state postconviction petition for writ of habeas corpus, which the state district court denied. (Exhs. 153, 154.) The Nevada Supreme Court reversed and remanded on March 10, 2010, remanding the case to state district court for appointment of counsel. (Exh. 160.)

On November 5, 2010, petitioner filed a counseled state postconviction petition. (Exh. 164.) The state district court held a hearing and then denied the petition. (Exh. 171.) The Nevada Supreme Court affirmed the denial of the petition on May 13, 2013, and remittitur issued on June 7, 2013. (Exhs. 182, 187.)

Petitioner dispatched his federal habeas corpus petition on May 20, 2013. (Dkt. no. 1.) This Court appointed counsel, and petitioner filed a counseled first amended ///

1   petition on April 11, 2014. (Dkt. no. 16.) Respondents have filed a motion to dismiss,

2   arguing that part or all of four grounds are unexhausted.

3   **II.    LEGAL STANDARD FOR EXHAUSTION**

4       A federal court will not grant a state prisoner's petition for habeas relief until the

5   prisoner has exhausted his available state remedies for all claims raised. *Rose v.*

6   *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state

7   courts a fair opportunity to act on each of his claims before he presents those claims in

8   a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also*

9   *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

10   petitioner has given the highest available state court the opportunity to consider the

11   claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,*

12   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir.

13   1981).

14       A habeas petitioner must "present the state courts with the same claim he urges

15   upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

16   constitutional implications of a claim, not just issues of state law, must have been raised

17   in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D.

18   Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court

19   must be "alerted to the fact that the prisoner [is] asserting claims under the United

20   States Constitution" and given the opportunity to correct alleged violations of the

21   prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v.*

22   *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b)

23   "provides a simple and clear instruction to potential litigants: before you bring any claims

24   to federal court, be sure that you first have taken each one to state court." *Jiminez v.*

25   *Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. at 520).

26   "[G]eneral appeals to broad constitutional principles, such as due process, equal

27   protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v.*

28   *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to

1    state caselaw that applies federal constitutional principles will suffice. *Peterson v.*
2    *Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

3          A claim is not exhausted unless the petitioner has presented to the state court
4    the same operative facts and legal theory upon which his federal habeas claim is based.
5    *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The
6    exhaustion requirement is not met when the petitioner presents to the federal court facts
7    or evidence which place the claim in a significantly different posture than it was in the
8    state courts, or where different facts are presented at the federal level to support the
9    same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*
10   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455,
11   458 (D. Nev. 1984).

12   **III.     RELEVANT GROUNDS IN INSTANT PETITION**

13         Petitioner sets forth ten grounds for relief in his amended petition. (Dkt. no. 16 at
14   8-36.) Respondents argue that grounds 6, 8, part of 9(A), and 10 are unexhausted. (Dkt.
15   no. 29 at 8-9.)

16         **A.      Ground 6**

17         In ground 6 of the federal petition, petitioner alleges that the trial court incorrectly
18   instructed the jury regarding the specificity required for conviction on each individual
19   count, violating petitioner's Fifth, Sixth and Fourteenth Amendment rights to a fair trial,
20   due process, and proof beyond a reasonable doubt. (Dkt. no. 16 at 27-28.)

21         Respondents argue that, while petitioner raised a similar claim in state court, he
22   did so as a matter of state law only. (Dkt. 29 at 8.) They contend that petitioner
23   mentioned no federal constitutional guarantee or federal case law in connection to his
24   claim on direct appeal, and that the Nevada Supreme Court analyzed the claim as a
25   state law issue. (*Id.*)

26         Respondents are correct that, as claim 4 on direct appeal, petitioner's argument
27   that the trial court incorrectly instructed the jury regarding the specificity required for
28   conviction on each individual count relies on such discussion in *Lapierre v. State*, 836

P.2d 56 (Nev. 1992). (Exh. 117 at 58-59.) In his opposition to the motion to dismiss, petitioner explains that state claims 3 and 4 are now set forth as federal grounds 5 and 6. State claim 3 asserts that the state's evidence at trial did not provide the specificity necessary for conviction; conclusory statements that something happened "more than ten times" were ruled insufficient by the Nevada Supreme Court more than a decade ago. (Exh. 117 at 55-58.) This claim for relief is set forth as federal ground 5. (Dkt. no. 16 at 25-27.) Petitioner asserts that the two specificity claims are closely related. (Dkt. no. 30 at 3-4.) He points out that he cited and discussed the fundamental due process rights at issue in federal grounds 5 and 6 in his discussion in support of state claim 3. (*Id.*)

Petitioner now argues that it would be unreasonable to view state claim 4 — which does not reference or discuss federal constitutional law — as not relying on the federal constitutional discussion in state claim 3. (*Id.* at 4.) However, citation of a relevant federal constitutional provision in relation to another claim does not satisfy the exhaustion requirement. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004). Accordingly, this Court concludes that federal ground 6 is unexhausted.

### B.   Ground 8

In ground 8 of the federal petition, petitioner alleges that the prosecution engaged in repeated misconduct during trial and arguments in violation of his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial. (Dkt. no. 16 at 29-31.)

Respondents argue that here again petitioner made a similar claim on direct appeal, but that he did so as a matter of state law only, with no reference to a federal constitutional guarantee or federal case law, and that the Nevada Supreme Court analyzed the claim as a state-law issue. (Dkt. no. 29 at 8-9.) This Court agrees. Petitioner did not set forth this claim in his state petition as a federal constitutional claim; further, he relied on state cases from Nevada, Washington and Kansas that considered prosecutorial misconduct as state-law claims. (Exh. 117 at 64-67.) Having carefully

1  reviewed the record, including petitioner's opposition to the motion to dismiss and the
2  state cases to which he cites in his direct appeal, this Court concludes that petitioner did
3  not raise federal ground 8 as a federal claim in his claim on direct appeal. Accordingly,
4  ground 8 is unexhausted.

5       **C.     Ground 9(A)**

6       As part of ground 9(A) of the federal petition, petitioner claims that his Sixth and
7  Fourteenth Amendment rights to effective assistance of counsel were violated when trial
8  counsel failed to conduct necessary investigation and pretrial preparation with respect
9  to petitioner's wife and son. (Dkt. no. 16 at 32.) Petitioner contends that, if properly
10 questioned, they could have described the unusual behavior of an uncle who lived with
11 the family during the time in question. (*Id.*)

12      Respondents assert that petitioner failed to raise this specific claim in his appeal
13 of the denial of his state postconviction petition. (Dkt. no. 29 at 9.) They argue that
14 petitioner only states that his wife's testimony was useful but should have been
15 bolstered by an expert. (*Id.*)

16      In his appeal of the denial of his state postconviction petition, petitioner
17 contended that trial counsel was ineffective for failing to investigate the "highly relevant"
18 defense of petitioner's physical impairment and limitations. (Exh. 176 at 12.) Petitioner
19 noted that his wife's testimony regarding his broken hip and use of crutches was
20 relevant and cogent, but argued that readily-available expert medical testimony would
21 have more clearly established his physical limitations. (*Id.* at 12-13.) The brief makes no
22 mention of petitioner's son, and petitioner does not raise a claim that counsel was
23 ineffective for failing to ascertain that his wife and son could have testified about
24 unusual behavior of an uncle who was living at the house.

25      Accordingly, the Court finds the portion of ground 9(A) that claims that counsel
26 was ineffective for failing to investigate potential testimony of petitioner's wife and son
27 regarding the uncle who was living in the house is unexhausted.
28 ///

### D.     Ground 10

Finally, in ground 10 of his federal petition, petitioner contends that he is entitled to relief based on the cumulative effect of errors raised on direct appeal, in state habeas proceedings and this federal petition. (Dkt. no. 16 at 36.)

Respondents contend that petitioner's cumulative error claim was presented to the Nevada Supreme Court only as to the claims made in the state postconviction petition, and then only as a matter of state law. (Dkt. no. 29 at 9.) The Court has reviewed the cumulative error claims that petitioner raised on direct appeal and on appeal of the denial of his state postconviction petition. The Court agrees with petitioner that this Court will consider the cumulative impact of constitutional errors properly brought before it. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (stating that "even if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'") (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)). Accordingly, ground 10 is exhausted to that extent.[2]

Respondents do not challenge the remaining federal grounds as unexhausted.

## IV.   PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that grounds 6, 8 and a portion of 9(A) are unexhausted. Thus the petition is a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner, through counsel, has these options:

1.     He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

---

[2]That is to say, ground 10 is exhausted to the extent that it asserts the cumulative error of all exhausted grounds.

2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.      He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he is required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.    CONCLUSION**

It is therefore ordered that respondents' motion to dismiss (dkt. no. 29) is granted in part and denied in part as follows:

1.    Grounds 6, 8, and the portion of 9(A) that claims that counsel was ineffective for failing to investigate the potential testimony petitioner's wife and son regarding the uncle who was living in the house are unexhausted.

2.    Ground 10 is exhausted as set forth in this order.

It is further ordered that petitioner shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

///

9

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

DATED THIS 12th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE