AARON D. FORD
   Attorney General
HEATHER D. PROCTER (Bar. No 8621)
   Chief Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
Telephone: (775) 684-1271
Fax: (775) 684-1108
hprocter@ag.nv.gov
*Attorney for Respondents*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JEFF N. ROSE,<br><br>      Petitioner,<br><br>vs.<br><br>CHARLES DANIELS, *et al.*,<br><br>      Respondent. | Case No. 3:13-cv-00267-MMD-WGC<br><br>**STIPULATION TO ALTER OR AMEND JUDGMENT** |

Respondents and petitioner Jeff N. Rose (Rose) stipulate to request this Court modify the deadline for commencement of any retrial until October 1, 2023. This stipulation is based upon the provisions of Rules 59(e) and Rule 60 of the Federal Rules of Civil Procedure, along with all other papers, documents, records, pleadings and other materials on file herein.

**POINTS AND AUTHORITIES**

This Court denied Rose's amended petition for a writ of habeas corpus. ECF No. 44. On September 24, 2019, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded with instructions for this Court to conditionally grant a writ of habeas corpus. ECF No. 48. The Ninth Circuit subsequently granted Respondents' motion to stay the issuance of the mandate pending the filing of a petition for writ of certiorari in the United States Supreme Court, and indicated that the stay would continue until the Supreme Court resolved the petition. ECF No. 51.

/ / /

/ / /

/ / /

On April 9, 2020, the Ninth Circuit Court granted Rose's motion for release pursuant to Federal Rule of Appellate Procedure 23(c) and remanded to this Court for the limited purpose of conducting a bond hearing to determine bond and appropriate conditions for release. ECF No. 54 at 4. This Court conducted the bond hearing and ordered Rose's release on April 13, 2020. ECF No. 56.

Respondents later filed a petition for writ of certiorari. After the United States Supreme Court denied Respondents' petition and the Ninth Circuit issued the mandate, ECF No. 63, this Court entered an order conditionally granting the writ of habeas corpus, ECF No. 65. This Court vacated Rose's judgment of conviction and ordered his release from all forms of custody within 30 days, unless the State filed an election to retry Rose within that 30-day period and thereafter commenced jury selection within 120 days. *Id*. at 2. This Court noted that it would grant reasonable requests for modification of the time periods in the judgment upon motion by either party. *Id*.

Respondents notified the Court that the State of Nevada intended to retry Rose on or about February 23, 2021. ECF No. 67. Because of ongoing negotiations and a backlog of trials in the district court, the parties filed numerous stipulations to extend the date within which to commence trial, which this court granted: (1) stipulation and order to modify or amend the judgment to require a new trial commencement date by May 24, 2021, ECF Nos. 68, 69; (2) stipulation and order to modify or amend the judgment to require a new trial commencement date by October 11, 2021, ECF Nos. 70, 71; (3) stipulation and order to modify or amend the judgment to require a new trial commencement date by December 10, 2021, ECF Nos. 72, 73; (4) stipulation and order to modify or amend the judgment to require a new trial commencement date by June 20, 2022, ECF Nos. 74, 75; (5) stipulation and order to modify or amend the judgment to require a new trial commencement date by December 19, 2022, ECF Nos. 76, 77.

Rose remains released subject to the conditions outlined in this Court's minute order. Based upon the state court docket, the trial court reset the trial date to commence January 9, 2023. Following communications between the Respondents and the state prosecutor, it is unclear whether trial will commence in January, and the prosecutor requested a longer continuance. Out of an abundance of caution, and based upon the numerous prior stipulations on file, Respondents and Petitioner jointly stipulate that this Court modify the judgment to reflect that any retrial may commence by October 1,

2023, if a retrial is deemed necessary. Both Petitioner and Respondents believe a continuance beyond the current time period imposed by this Court is appropriate and that this Court's judgment should be amended to reflect such continuance. The parties therefore stipulate to amending the judgment to permit retrial of this matter by October 1, 2023.

RESPECTFULLY SUBMITTED this 29th day of November, 2022.

AARON D. FORD
Attorney General

By: /s/ Heather D. Procter
HEATHER D. PROCTER (Bar. No. 8621)
Chief Deputy Attorney General

RENE L. VALLADARES
Federal Public Defender

By: /s/ Amelia L. Bizzaro
Amelia L. Bizzaro (Bar. No. 1045709)
Assistant Federal Public Defenders

**ORDER**

IT IS SO ORDERED.

Dated this  5th  day of  December , 2022.

_____
DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General and that on this 29th day of November, 2022, I served a copy of the foregoing **STIPULATION TO ALTER OR AMEND JUDGMENT**, by U.S. District Court CM/ECF electronic filing to:

Amelia L. Bizzaro
Assistant Federal Public Defenders
411 East Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101

/s/ Amanda White