UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFF N. ROSE,<br><br>                  Petitioner,<br>     v.<br><br>CHARLES DANIELS, *et al.*,<br><br>                  Respondents. | Case No. 3:13-cv-00267-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

This Court granted Respondents' motion to reopen Jeff N. Rose's 28 U.S.C. § 2254 petition for writ of habeas corpus for a limited purpose. (ECF No. 89.) That is, for Respondents to file their Motion for This Court to Vacate the Order Granting Release Pursuant to Fed. R. App. P. 23 and to Find the Judgment Satisfied Pursuant to Fed. R. Civ. P. 60(5) (ECF No. 88 ("Motion").[1] Rose opposed the Motion (ECF No. 90), and Respondents replied (ECF No. 91). For the reasons discussed herein, the Court grants the Motion. Accordingly, the Court vacates the order of conditions and release (ECF Nos. 56, 57), releases U.S. Probation from supervising Rose, releases the Appearance Bond (ECF No. 58), and finds the conditional writ and judgment satisfied.

**II.   BACKGROUND**

The Court denied Rose's first amended petition. (ECF No. 44.) On appeal, the United States Court of Appeals for the Ninth Circuit affirmed in part, reversed in part, and remanded with instructions to conditionally grant the writ pending a new trial. (ECF No. 48.) Respondents moved for a panel rehearing or rehearing en banc, which the appeals

---

[1] While Respondents title their motion as one to vacate the order granting release, the relief they actually seek is that this Court vacate its order setting conditions of release and release U.S. Probation from supervising Rose. (ECF No. 88 at 3-7.)

court denied. (ECF No. 50.) The appeals court granted Respondents' motion to stay mandate while Respondents pursued a petition for writ of certiorari in the U.S. Supreme Court. (ECF No. 51.)

Meanwhile, in March 2020, Rose filed an emergency motion with the Ninth Circuit to be released from the custody of the Nevada Department of Corrections while Respondents challenged the grant of habeas relief in the Supreme Court. (ECF No. 54.) Part of Rose's argument was that his underlying medical conditions put him at high risk of contracting COVID-19 in prison. In April 2020, the Ninth Circuit granted Rose's motion and released him under Federal Rule of Appellate Procedure 23. The appellate court remanded to this Court for the limited purpose of conducting a bond hearing to determine the bond and conditions of Rose's release. (*Id*.) On April 13, 2020, this Court held a hearing setting bond, directed U.S. Probation to supervise Rose, and set forth the conditions for release, including GPS location monitoring and home detention. (ECF No. 56.) The Court issued the Appearance Bond and Order Setting Conditions of Release the same day. (ECF No. 57.)

The Supreme Court docketed Respondents' certiorari petition in May 2020. (ECF No. 60.) The petition was denied on October 5, 2020 (ECF No. 62), and the Ninth Circuit issued its mandate on October 6, 2020 (ECF No. 63). This Court then, under the Ninth Circuit's order reversing in part, vacated its order addressing the petition in part as to the denial of relief on Ground 1 (ECF No. 44), reopened the case, and conditionally granted Ground 1. (ECF No. 65.) This Court also vacated the state judgment of conviction and ordered Rose "released from all forms of custody and all other restrictions and consequences that flowed from said judgment within 30 days of entry of this order, unless" the Respondents filed an election to retry within 30 days, and jury trial commenced within 120 days, subject to modification. (*Id*. at 1-2.) The Court ordered Rose would "continue on release subject to the same conditions imposed (ECF Nos. 56, 57) pending, *inter alia*, Respondents' notice of election." (ECF No. 65 at 1-2.) The parties have since stipulated several times to amend or alter the judgment to give the county prosecutor and defense

2

counsel additional time to retry Rose; the current deadline for retrial is October 1, 2023. (ECF Nos. 68-78, 80-81.) Respondents now inform the Court that Rose's retrial in the Eighth Judicial District Court, Clark County, Nevada is scheduled to start on July 31, 2023. (ECF No. 87 at 2.) Rose also was recently arrested by Clark County law enforcement and taken into custody on new state charges in Las Vegas. (ECF No. 86.)

### III. DISCUSSION

Respondents now ask this Court to vacate the order setting conditions of release and to find the judgment satisfied under Fed. R. Civ. P. 60(5). (ECF Nos. 87, 88.) They argue that Fed. R. App. P. 23(c) no longer applies to Rose and ask the Court to deem the conditional writ satisfied because Rose was released from state custody on the vacated judgment and his retrial is scheduled for July 2023.

Fed. R. App. P. 23(c) provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.

Respondents argue that because the Ninth Circuit's order instructing this Court to issue a conditional writ pending a new trial is no longer under review, Rule 23(c) no longer applies.

Respondents also argue that the scope of this Court's appearance bond and order setting conditions of release was satisfied when they filed the notice of intent to retry. They argue that no basis exists currently for this Court to continue oversight of Rose's custody through U.S. Probation and that the proper court to determine Rose's custody status pending retrial is the state trial court presiding over Rose's retrial. They also point out that the final judgment here does not provide for the continued release of Rose under federal court supervision. (ECF No. 66.)

Rose counters that the request for his release comes years too late. (ECF No. 90.) He urges that Respondents have forfeited their right to seek vacation. Respondents filed notice of retrial in October 2020. Rose argues that Respondents wanted to take advantage of Rose's continued supervision up until recently and now that they don't, they seek to

1  vacate the order. They also argue that the judgment is not satisfied. The Court's judgment
2  provides that the State had to either release Rose or retry him. (ECF No. 66.)

3        The Court concludes that Rule 23(c) no longer applies to Rose. His state-court
4  retrial is scheduled for July 2023. A conditional-release order will not "permit a federal
5  habeas court to maintain a continuing supervision over a retrial conducted pursuant to a
6  conditional writ granted by the habeas court." *Pitchess v. Davis*, 421 U.S. 482, 490 (1975).
7  The Court agrees with Respondents that vacating the order setting conditions of release
8  and issuing a conditional writ that gives Nevada the opportunity to retry Petitioner puts
9  Rose back in the position of a pretrial detainee. So any determinations on pretrial
10 release—including decisions about bail and conditions of release—should be made by the
11 state trial court judge. Rose's recent arrest by county law enforcement was not based
12 upon the convictions that were the subject of his federal habeas petition but was based
13 on an ongoing investigation into new crimes. Rose is not in state custody in relation to the
14 charges for which his retrial is scheduled in July. District courts have broad discretion in
15 conditioning a judgment granting relief in a habeas matter. *Hilton v. Braunskill*, 481 U.S.
16 770, 775 (1987). The state has set a retrial date in July 2023. This Court finds the judgment
17 satisfied.

18 **IV.  CONCLUSION**

19       It is therefore ordered that Respondents' Motion for This Court to Vacate the Order
20 Granting Release Pursuant to Fed. R. App. P. 23 and to Find the Judgment Satisfied
21 Pursuant to Fed. R. Civ. P. 60(5) (ECF No. 88) is granted.

22       It is further ordered that this Court's order dated April 13, 2020, setting conditions
23 of release (ECF No. 56) is vacated.

24       It is further ordered that the appearance bond (ECF No. 58) is released.

25       It is further ordered that U.S. Probation is released from supervising Petitioner.

26       It is further ordered that the final judgment entered in this case in October 2020 is
27 satisfied. It remains the Court's intention that the final judgment is subject to a possible
28

later motion to reopen the matter to enter an unconditional writ if then warranted, as a matter of enforcement of the judgment.

It is further ordered that the Clerk of Court substitute Nevada Department of Corrections Director James Dzurenda for Respondent Charles Daniels.

It is further ordered that the Clerk of Court provide a copy of this order to the Clerk of the Eighth Judicial District Court, in connection with that court's Case No. 02C188264.

It is further ordered that the Clerk of Court close this case.

DATED THIS 23rd Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE